IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**WESLEY K. THOMPSON and**
**SHARON THOMPSON,**

    **Plaintiffs,**

                                **CIVIL ACTION NO. 3:23-cv-00779**
                                **HONORABLE: _____**

**THE QUIKRETE COMPANIES, LLC d/b/a**
**QUIKRETE and CARLOS J. GAUNTLETT,**

    **Defendants.**

**COMPLAINT FOR DAMAGES**

COME NOW the Plaintiffs, Wesley K. Thompson ("MR. THOMPSON") and Sharon Thompson (individually "MRS. THOMPSON" and collectively "PLAINTIFFS"), by and through their counsel, and state the following for their Complaint.

1. This is an action for personal injury and loss of consortium arising out of a motor vehicle collision that occurred on January 12, 2022 involving a school bus operated by MR. THOMPSON and a tractor-trailer operated by Carlos J. Gauntlett ("MR. GAUNTLETT") while he was working for The Quikrete Companies, LLC d/b/a Quikrete ("QUIKRETE").

2. The collision occurred at the intersection of Ohio River Road / Route 2 and Big Ben Bowen Highway / Route 193 in Huntington, Cabell County, West Virginia.

**PARTIES, JURISDICTION, AND VENUE**

3. The PLAINTIFFS incorporate by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

4. MR. THOMPSON and MRS. THOMPSON are residents of West Virginia.

5. MR. GAUNTLETT is, upon information and belief, a resident of Florida or Ohio.

6. Defendant QUIKRETE is a foreign limited liability corporation whose principal place of business is in Atlanta, Georgia.

7. Defendant QUIKRETE does business in West Virginia.

8. Defendants GAUNTLETT and QUIKRETE are subject to the jurisdiction and venue of this Court.

9. Venue is proper as the events and occurrences that form the basis of this action occurred in Cabell County, West Virginia.

10. Complete diversity exists between the parties.

11. The amount in controversy, excluding costs, attorney fees, or punitive damages, exceeds $75,000.

12. This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. § 1332.

## GENERAL FACTS

13. The PLAINTIFFS incorporate by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

14. On January 12, 2022, MR. GAUNTLETT was operating a tractor-trailer southbound on Route 2, and approaching the intersection of Route 2 and Route 193.

15. At the same time, MR. THOMPSON was operating a Cabell County School Bus and traveling north on Route 2.

16. As MR. THOMPSON approached the intersection of Route 2 and Route 193, the light governing his travel lane was green.

17. As MR. THOMPSON approached the intersection of Route 2 and Route 193, MR. GAUNTLETT attempted to turn his tractor-trailer left, and across the northbound lane of Route 2.

18. The approaching school bus operated by MR. THOMPSON constituted a hazard such that MR. GAUNTLETT could not have made the turn with reasonable safety.

19. MR. GAUNTLETT was required to yield to MR. THOMPSON'S right away under the circumstances.

20. As a result of MR. GAUNTLETT'S negligent, careless, and/or reckless conduct, actual malice, and/or conscious, reckless and outrageous indifference to the heath, safety and welfare of others, a collision occurred.

21. The Cabell County Sheriff's Office determined that MR. GAUNTLETT'S improper turn and failure to yield the right of way to MR. THOMPSON were causes of the collision.

22. MR. GAUNTLETT was cited for failing to adhere to the traffic control device which required him to yield.

23. MR. GAUNTLETT admitted to the investigating officer that he was not focused on his driving, was occupied by his life problems, and claimed that he did not see the approaching school bus.

24. The investigating police officer found that MR. THOMPSON did nothing to cause or contribute to the collision.

25. MR. GAUNTLETT is the sole person responsible for causing the collision.

26. As a direct and proximate result of MR. GAUNTLETT'S wrongful acts and/or omissions and the collision described above, MR. THOMPSON suffered severe injuries to his body for which he has and/or will continue to experience and/or incur:

    a. medical expenses;

    b. lost wages and loss of earning capacity;

    c. pain and suffering;

    d. physical limitations;

    e. diminished capacity to enjoy life;

    f. annoyance and inconvenience; and

    g. other consequences and damages associated with his injuries as may be specified as this action progresses.

## COUNT I

27. The PLAINTIFFS incorporate, by reference, all preceding allegations contained within this Complaint.

28. In addition to those instances of negligence set forth elsewhere in this Complaint, MR. GAUNTLETT was negligent, reckless, and/or showed actual malice and/or an outrageous indifference to the heath, safety and welfare of others in at least the following ways:

    a. being distracted;

    b. failing to yield the right of way;

    c. disregarding a traffic control device;

    d. attempting to turn left, across the southbound lane of Route 2, when the approaching school bus constituted a hazard making it impossible to make the turn with reasonable safety;

 e. failing to adhere to the safe driving principles expected of truck drivers, including, but not limited to, failing to look for and see approaching traffic and hazards;

 f. failing to operate his commercial vehicle in a safe and prudent manner;

 g. otherwise failing to use that degree of care and caution that a reasonable and prudent driver would have exercised under the same or similar circumstances.

29. At the time of the collision, MR. GAUNTLETT was subject to the Federal Motor Carrier Safety Regulations applicable to commercial vehicles.

30. At the time of the subject collision, MR. GAUNTLETT was also subject to the laws of the State of West Virginia governing the operation of motor vehicles on West Virginia's public roadways.

31. MR. GAUNTLETT was negligent *per se* in that he violated Federal Motor Carrier Safety Regulations and various rules of the road as incorporated into the laws and regulations of West Virginia.

32. MR. GAUNTLETT, as an operator of a commercial vehicle on a public roadway in West Virginia, owed a duty to the general public, and in particular to MR. THOMPSON, to obey all State and Federal laws and regulations with regard to operating a commercial motor vehicle.

33. In addition to other duties as set forth in this Complaint, pursuant to 49 *Code of Federal Regulations* §392.2, every commercial motor vehicle must be operated in accordance with the laws of the jurisdiction in which it is being operated.

34. Pursuant to *West Virginia Code* §§ 17C-3-4 and 17C-8-3, 17-C-8-8, and 17-C-9-2, MR. GAUNTLETT was required to yield to MR. THOMPSON'S right of way and not turn unless the turn could be made with reasonable safety.

35. MR. GAUNTLETT actions and omissions violated the requirements of 49 *Code of Federal Regulations* §392.2, *West Virginia Code* §§ §§ 17C-3-4 and 17C-8-3, 17-C-8-8, and 17-C-9-2.

36. MR. GAUNTLETT'S wrongful conduct and violations of the law and regulations proximately caused the collision and MR. THOMPSON'S injuries and damages, as set forth in this Complaint.

37. MR. GAUNTLETT'S conduct constitutes prima facie evidence of negligence and is actionable.

38. The Defendants' acts and omissions constitute a conscious, reckless and outrageous indifference to the health, safety and welfare of others, which justify the imposition of punitive damages.

## COUNT II

39. The PLAINTIFFS incorporate, by reference, all preceding allegations contained within this Complaint.

40. At the time of the collision, MR. GAUNTLETT was operating the tractor-trailer under the motor carrier authority granted to QUIKRETE.

41. As the motor carrier for the load that was being hauled, QUIKRETE had a duty to require its driver, MR. GAUNTLETT, to comply with all applicable laws and regulations.

42. QUIKRETE had a duty to properly train, qualify, and supervise MR. GAUNTLETT.

43. As the motor carrier, QUIKRETE is independently responsible for MR. GAUNTLETT'S wrongful conduct and violations of law, as set forth above, and for MR. THOMPSON'S damages as set forth in this Complaint.

44. Defendant QUIKRETE was negligent, reckless, and/or showed actual malice and/or an outrageous indifference to the heath, safety and welfare of others by failing to require MR. GAUNTLETT to comply with all applicable laws and regulations regarding the operation of a commercial motor vehicle on a public roadway in West Virginia and/or failing to properly train, qualify, and supervise him.

45. Upon information and belief, at all times relevant to this Complaint, MR. GAUNTLETT was acting within the course and scope of his employment and/or agency with Defendant QUIKRETE.

46. Defendant QUIKRETE is also vicariously liable pursuant to the theories of principal/agency and respondeat superior for all wrongful actions and omissions that were committed by its agent/employee, MR. GAUNTLETT.

## COUNT III

47. The PLAINTIFFS incorporate, by reference, all preceding allegations contained within this Complaint.

48. As a direct and proximate result of the Defendants' negligent, careless, and/or reckless conduct and the injuries MR. THOMPSON suffered as a proximate result of that conduct, MRS. THOMPSON has been required to render care and other services to her husband and has and/or will continue to experience and/or incur:

(a) a loss of MR. THOMPSON'S spousal consortium;

(b) annoyance and inconvenience; and

(c) other consequences and damages associated with MR. THOMPSON'S injuries as may be specified as this action progresses.

**WHEREFORE**, the Plaintiffs, Wesley K. Thompson and Sharon Thompson request they be awarded judgment against Defendants, Carlos J. Gauntlett and The Quikrete Companies, LLC d/b/a Quikrete, for the following:

(a) compensatory damages in an amount to be determined by a jury;

(b) punitive damages, to the extent warranted by the facts and law;

(c) pre and post judgment interest as allowed by law;

(d) attorneys' fees, costs and expenses incurred in this action; and

(e) such other and further relief as the Court deems just and appropriate under the circumstances.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

**WESLEY K. THOMPSON and**
**SHARON THOMPSON**

**PLAINTIFFS,**

By Counsel:

*(signature)*

**R. CHAD DUFFIELD** (W. Va. State Bar No. 9583)
*Email: rcduffield@fcclaw.net*
**FARMER, CLINE & CAMPBELL, PLLC**
746 Myrtle Road (25314)
Post Office Box 3842
Charleston, West Virginia 25338
Telephone: 304-346-5990
Facsimile: 304-346-5980

*COUNSEL FOR THE PLAINTIFFS*